# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**RITA DUDLEY**                                                                                          **PLAINTIFF**

**VS.**                                                                    **CIVIL ACTION NO. 3:16CV118-M-A**

**WAL-MART STORES, INC.**                                                                          **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This cause comes before the court on the plaintiff Rita Dudley's motion to remand this case to the Circuit Court of Marshall County [Doc. 6]. Defendant, Wal-Mart Stores, Inc. has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, along with other pertinent authorities, concludes that the motion is well taken and should be granted.

On January 29, 2016, Plaintiff filed suit in the Circuit Court of Marshall County, seeking recovery for injuries resulting from being struck by shopping carts that were being transported by Defendant's employee using an electric cart machine. Plaintiff seeks $50,000 in damages for medical expenses, lost wages, pain and suffering, possible permanent impairment, loss of enjoyment of life, and "all other damages allowed under the state of Tennessee."[1] On June 20, 2016 Defendant Wal-Mart Stores, Inc. (Wal-Mart), removed the case to this Court, asserting diversity jurisdiction as the basis for removal. At the time of removal, Plaintiff had not stipulated or submitted an affidavit capping damages at $75,000. On July 11, 2016, Plaintiff filed a motion

---

[1] Because the action was filed in Mississippi state courts, the Court is treating the use of Tennessee as a typographical error and interprets the complaint to apply "all other damages allowed under the state of Mississippi."

to remand, on the basis of lack of subject matter jurisdiction, and more specifically that the amount in controversy requirement was not met. Additionally, Plaintiff attached a sworn affidavit to the motion to remand stating that "[t]he ad damnum clause reflects the amount sought in recovery and, under no circumstances, will I seek nor accept an amount greater than $50,000."

"Federal courts are courts of limited jurisdiction." *Walker v. Scales,* 2014 WL 670216, at *2, 2014 U.S. Dist. LEXIS 21143, at *4 (N.D. Miss. Feb. 20, 2014)(citing *Epps v. Bexar-Medina-Atascosa Cntys. Water Improvement Dist. No. 1,* 665 F. 2d 594, 595 (5th Cir. 1982). "[D]istrict Courts have original civil jurisdiction of all civil actions where the matter in controversy exceeds ... $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

This Court, in *Daniels v. CVS Pharmacy Inc.,* held that "[i]f the amount in controversy is ambiguous at the time of removal, 'post-removal affidavits may be considered in determining the amount in controversy. . .'" *Daniels v. CVS Pharmacy Inc.,* 2015 WL 4774246, at *1 (N.D. Miss. Aug. 13, 2015)(citing *Gebbia v. Wal–Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir.2000)) Further, the Court goes on to emphasize that "the case shall be remanded 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Daniels v. CVS Pharmacy Inc.,* 2015 WL 4774246, at *1 (N.D. Miss. Aug. 13, 2015); citing 28 U.S.C. § 1447(c). Plainly stated, if the Court finds that the post-removal affidavit establishes the amount in controversy as less than the jurisdictional minimum of $75,000, the court may remand the case

back to state court. "The Fifth Circuit has held that the removal statutes are to be construed 'strictly against removal and for remand." *Givens v. Food Giant Supermarkets,* Inc., 2011 WL 4916385, 2011 U.S. Dist. Lexis 120201, at *3 (N.D.Miss. Oct.17, 2011) (quoting *Eastus v. Blue Bell Creameries,* L.P., 97 F.3d 100, 106 (5th Cir.1996); *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)).

Here, the request for damages contained within the complaint is $50,000. However, as Defendant points out, Plaintiff answered the Request for Admissions prior to removal to indicate that she would be willing to accept more than $75,000 in damages in the case. This discrepancy sets up an ambiguous amount in controversy at the time of removal, which would allow the Court to consider any post-removal affidavits submitted by Plaintiff. After Defendant removed the case, Plaintiff stipulated in a post-removal affidavit that the damages did not exceed $50,000, exclusive of interests and cost. Relying on the rule regarding post-removal affidavits in *Daniels* and *Gebbia*, the Court finds that Plaintiff has sufficiently stipulated a recovery cap that is below the jurisdictional minimum set forth in 28 U.S.C. §1332(a). Therefore, the Court finds that federal subject matter jurisdiction is lacking. *Daniels v. CVS Pharmacy Inc.,* 2015 WL 4774246, at *2 (N.D. Miss. Aug. 13, 2015); see also *Givens v. Food Giant Supermarkets,* Inc., 2011 WL 4916385, 2011 U.S. Dist. Lexis 120201, at *3 (N.D.Miss. Oct.17, 2011)(holding federal jurisdiction was not present in light of plaintiff's stipulation of the amount in controversy being less than $75,000).

Because the amount in controversy is not met for the statutory jurisdictional minimum of this court, this court lacks the proper jurisdiction to hear this case.

Therefore, Plaintiff's motion to remand [Doc. 6] is hereby granted and the case is remanded to the Circuit Court of Marshall County, Mississippi.

IT IS SO ORDERED, this 19th day of September, 2016.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**